**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,

Plaintiffs,

THALES VISIONIX, INC.,

Involuntary Plaintiff,

v.

FACEBOOK, INC. and FACEBOOK TECHNOLOGIES, LLC,

Defendants.

Case No. 6:21-cv-00755-ADA

**JURY TRIAL DEMANDED**

**PUBLIC VERSION**

**DEFENDANTS' MOTION TO TRANSFER
TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS

**I. Introduction ........ 1**

**II. Factual Background ........ 2**

A. Voluntary Plaintiffs Gentex and Indigo ........ 2

B. Involuntary Plaintiff Thales ........ 2

C. Defendants ........ 3

D. Relevant Third Parties ........ 4

**III. Legal Standard ........ 5**

**IV. Argument ........ 6**

A. This Action Could Have Been Filed in N.D. Cal. ........ 6

B. The Private-Interests Factors All Favor Transfer to N.D. Cal. Or Are Neutral ........ 7

1. **The Relative Ease of Access to Sources of Proof Favors Transfer** ........ 7

2. **The Availability of Compulsory Process to Secure the Attendance of Witnesses Favors Transfer** ........ 8

3. **The Cost of Attendance for Willing Witnesses Favors Transfer** ........ 9

4. **Other Factors That Make Trial Easy, Expeditious, and Inexpensive Are Neutral** ........ 11

C. The Public-Interest Factors All Favor Transfer Or Are Neutral ........ 12

1. **Court Congestion Is Neutral** ........ 12

2. **Local Interests in Having This Case Decided at Home Favor Transfer** ........ 12

3. **Familiarity of the Forum With the Law Is Neutral** ........ 13

4. **Conflicts of Law or Foreign Law Is Neutral** ........ 13

**V. Conclusion ........ 14**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
No. 6:13-CV-362, 2014 WL 10748106 (W.D. Tex. June 11, 2014) ....................................12

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020).........................................................................12, 13

*In re Apple, Inc.*,
581 F. App'x 886 (Fed. Cir. 2014) ..........................................................................9

*In re Atlassian Corp. PLC*,
21-177, 2021 WL 5292268 (Fed. Cir. Nov 15, 2021) ...............................................8

*Bascom v. Maxim Integrated Prods., Inc.*,
534 F. Supp. 2d 700 (W.D. Tex. 2008)......................................................................13

*Fintiv Inc. v. Apple Inc.*,
No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) .................................7

*Fujitsu Ltd. v. Tellabs, Inc.*,
639 F. Supp. 2d 761 (E.D. Tex. 2009).........................................................................8

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009).....................................................................7, 9, 11

*In re Google LLC*,
2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ......................................7, 8, 10

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009).................................................................................13

*In re Hulu, LLC*,
No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ......................................9, 12

*IpVenture, Inc. v. Prostar Computer, Inc.*,
503 F.3d 1324 (Fed. Cir. 2007)....................................................................................6

*In re Juniper Networks*,
14 F.4th 1313 (Fed. Cir. 2021) .................................................................................10

*MasterObjects, Inc. v. Facebook, Inc.*,
No. 6:20-CV-00087-ADA, Dkt. No. 86 (W.D. Tex. July 13, 2021) (Albright, J.) ........7, 9, 11

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech. Ltd.*, No. 6:20-cv-00876-ADA, 2021 WL 5316454 (W.D. Tex. Nov. 5, 2021) ..............................10

*Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325 (E.D.N.Y.2006) ..........................................................................7, 9

*In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir 2009)..........................................................................6, 11

*Opperman v. Path, Inc.*, A-12-CA-219-SS, 2013 WL 7753577 (W.D. Tex. Jan. 15, 2013) ..........................................6

*In re Quest Diagnostics Inc.*, Case No. 2021-193, Dkt. 10 (Fed. Cir. Nov. 10, 2021)..........................................................11

*Texas v. Google LLC*, No. 4:20-CV-957-SDJ, 2021 WL 2043184 (E.D. Tex. May 20, 2021)..................................12

*In re Toyota Motor Corp.*, 747 F.3d 1338 (Fed. Cir. 2014)..........................................................................................10

*In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201 (5th Cir. 2004) ..........................................................................................5, 10

*In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304 (5th Cir. 2008) ..................................................................................5, 6, 9, 12

*XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ................................7

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................1, 5, 6, 7

Defendants Meta Platforms, Inc.[1] and Facebook Technologies, LLC (collectively, "Meta" or "Defendants") move to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).[2]

## I. INTRODUCTION

This case has no relevant connection to the Western District of Texas, a venue located far away from the parties and events that gave rise to this matter. None of the events leading up to this action arose in Waco or Texas. No party calls Texas home, and none of the patents or accused products were developed in Texas or anywhere nearby. Defendants have not identified any witnesses relevant to this suit who are located in Waco or Texas. In short, none of the evidence relevant to this suit is located in Waco or Texas.

By contrast, the core of this litigation lies in California. [redacted] and a significant portion of the relevant Meta witnesses are located in the Northern District of California specifically. Additionally, numerous relevant third-party witnesses are located in the Northern District of California or on the West Coast, including Eric Foxlin (the named inventor of all of the asserted patents and the sole named inventor of four out of five patents), numerous prior art authors, and multiple companies and research institutions that developed prior art products. Accordingly, Meta respectfully requests that the Court transfer this case to the Northern District of California under 28 U.S.C. § 1404(a) because it is a clearly more convenient forum than the Western District of Texas.

1 Effective October 28, 2021, Facebook, Inc. changed its name to Meta Platforms, Inc. Dkt. 26.
2 Meta reserves the right to move for intradistrict transfer.

## II. FACTUAL BACKGROUND

Plaintiffs Gentex Corporation ("Gentex") and Indigo Technologies, LLC ("Indigo"), along with involuntary plaintiff Thales Visionix, Inc. ("Thales") (collectively, "Plaintiffs"), filed this suit on July 22, 2021. The lawsuit alleges that certain features in Meta's Oculus-branded virtual reality products infringe five patents owned by Thales that are allegedly licensed to Gentex and Indigo.

### A. Voluntary Plaintiffs Gentex and Indigo

Gentex is a Delaware corporation with its principal place of business in Carbondale, Pennsylvania. Compl. ¶ 4. Although Gentex has facilities in various other states, including in California, it lists no facilities or presence anywhere in Texas. *See* Deoras Decl. ¶ 3; Ex. A. Meta has not been able to identify any relevant officers, directors, or employees of Gentex in this District or anywhere else in Texas (and Plaintiffs have not alleged that there are any).

According to the allegations in the Complaint, Indigo is wholly-owned by Gentex and was previously the exclusive field-of-use licensee of the Asserted Patents.[3] Compl. ¶ 5. Indigo's principal place of business is in Simpson, Pennsylvania. *Id*; *See* Deoras Decl. ¶ 4; Ex. B. Indigo does not have any facilities or presence in Waco or elsewhere in Texas. *Id*. Meta also has not been able to identify any relevant officers, directors, or employees of Indigo in this District or anywhere else in Texas (and Plaintiffs have not alleged that there are any).

### B. Involuntary Plaintiff Thales

The Complaint alleges that Thales is the sole owner of the Asserted Patents and is a Delaware corporation with its principal place of business in Maryland. Compl. ¶ 6. On its website, Thales indicates that its main office is in Aurora, Illinois, with an additional office in Billerica,

[3] The asserted patents are U.S. Patent Nos. 6,757,068 ("'068 Patent"); 7,301,648 ("'648 Patent"); 8,224,024 ("'024 Patent"); 6,922,632 ("'632 Patent"); and 7,725,253 ("'253 Patent") (collectively hereinafter, the "Asserted Patents").

Massachusetts. *See* Deoras Decl. ¶ 5; Ex. C. Thales appears to be a subsidiary of Thales Defense & Security, Inc., which is based in Clarksburg, Maryland. *See* Deoras Decl. ¶ 6; Ex. D. Thales does not have any facilities or presence in Waco or elsewhere in Texas. *Id.* Meta has not identified any relevant officers, directors, or employees of Thales in this District or anywhere else in Texas (and Plaintiffs have not alleged that there are any).

**C. Defendants**

Meta Platforms, Inc. (formerly Facebook, Inc.) is a Delaware corporation headquartered in the Northern District of California. Wong Decl. ¶ 2. It opened its first office in Palo Alto, California in 2004, and in 2011 it moved its headquarters and principal place of business to Menlo Park, California, where it remains. *Id.* at ¶ 2. Approximately half of Meta Platforms, Inc.'s full-time U.S. employees are based in its northern California offices. *Id.* at ¶ 2.

Oculus was founded in 2012 in Southern California. *Id.* at ¶ 3. Facebook, Inc. (now Meta Platforms, Inc.) acquired Oculus in 2014 and, shortly thereafter, moved its headquarters to Menlo Park, California, where it remains today. *Id.* at ¶ 3. Oculus later changed its name to Facebook Technologies, LLC, one of the named Defendants in this matter. *Id.* at ¶ 3.

The features accused of infringing the Asserted Patents (the "Accused Features") involve headset and handheld controller tracking algorithms and functionality for determining location using cameras that are allegedly found in Defendants' Oculus Rift S, Oculus Quest, and Oculus Quest 2 products. *Id.* at ¶¶ 5, 6, 11

*Id.* at ¶¶ 6–15.

*Id.* at ¶¶ 14-15.

### D. Relevant Third Parties

No third parties with any connection to this case are located in this District, but several third parties are located in California.

For example, inventor Eric Foxlin (named inventor of all of the Asserted Patents in this case and the sole named inventor of four of the five patents[4]) is located in San Mateo County, California, within N.D. Cal. Deoras Decl. ¶¶ 7–8; Exs. E–F. Gentex's claims regarding the priority date of several of the Asserted Patents depend on Mr. Foxlin's hard-copy inventor notes—which are apparently located in N.D. Cal. *See* Deoras Decl. ¶¶ 26–27; Exs. X–Y (GNTX0001598).

Additionally, many authors of relevant prior art are based in California.[5] For example, Mike. A. Horton, Michael A. Teitel, and Vaibhav Vaish all invented prior art patents that are material to the patentability of the Asserted Patents and are all located in California.[6] Additionally, authors of relevant non-patent prior art are also located in N.D. Cal. For example, Michael Zyda and Bill Cockayne, who authored an article cited in the Asserted Patents that is entitled "*Off-the-Shelf, Real-Time, Human Body Motion Capture for Synthetic Environments*," are both California residents, with one based in northern California. *See* Deoras Decl. ¶¶ 14–17, 33; Exs. L–O, EE. Similarly, the Naval Postgraduate School, which is located in N.D. Cal., published relevant prior

---

[4] Mr. Foxlin has one named co-inventor on the '024 Patent, Leonid Naimark, who appears to be located in Massachusetts. Deoras Decl. ¶ 18; Ex. P.

[5] The relevance of the prior art discussed in this paragraph is demonstrated in Defendants' invalidity contentions. *See* Deoras Decl. ¶ 33; Ex. EE.

[6] Mr. Horton is the first-named inventor of U.S. Patent No. 5,615,132 ("Horton"), which is material to the invalidity of at least the '068 and '648 Patents (the other Horton inventor—A. Richard Newton—has passed away). *See* Deoras Decl. ¶¶ 11–12, 33; Exs. I–J, EE. Mr. Teitel is the first-named inventor of U.S. Patent No. 5,812,257 ("Teitel"), which is material to the invalidity of at least the '632 and '253 Patents. Teitel was also assigned to VPL Newco Inc., a now-defunct corporation based in California. *See* Deoras Decl. ¶¶ 9–10, 24–25, 33; Exs. G–H; V–W, EE. Mr. Vaish is a co-inventor of U.S. Patent No. 7,242,818 ("Beardsley"), which is material to the invalidity of at least the '024 Patent. *See* Deoras Decl. ¶¶ 13, 33; Exs. K, EE.

art related to tracking such as "*NPSNET-HUMAN: Inserting the Human Into the Networked Synthetic Environment*" and *"Insertion of an Articulated Human into a Networked Virtual Environment*"; third-party discovery may show that the Naval Postgraduate School houses relevant prior art prototypes (such as those referenced in the *NPSNET-HUMAN* article). *See* Deoras Decl. ¶ 33; Ex. EE. Likewise, Crossbow Technology, Inc. and VPL Research, Inc. were both based in N.D. Cal. and developed relevant sensor and tracking prior art products; key engineering personnel for those companies, such as Darren Liccardo and Mitch Altman, respectively, remain in N.D. Cal., and third-party discovery from those individuals may lead to relevant prior art products. *See* Deoras Decl. at ¶¶ 28–31; Exs. Z, AA, BB, CC.

## III. LEGAL STANDARD

A federal district court may transfer any civil action to any other district where it may have been originally filed if doing so is in the interests of justice and for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). At the outset, "[t]he preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 312 (5th Cir. 2008). If satisfied, the Court then determines whether venue convenience and the interests of justice favor transfer by considering public- and private-interest factors. *Id.* at 314-315. The private-interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive." *Id.* at 315 (citing *In re Volkswagen AG (Volkswagen I),* 371 F.3d 201, 203 (5th Cir. 2004)). The public-interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will

govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* "[T]he Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer…." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1200 (Fed. Cir 2009).

## IV. ARGUMENT

This case could have and ***should*** have been filed in the Northern District of California, where Meta is headquartered. Several factors strongly favor transfer to that District, and none favor keeping the case in this District. No reasonable grounds exist for keeping this case in Texas when most of the Accused Features were largely developed in California by a California-based company, and the Asserted Patents implicate necessary discovery from California-based and, in particular, Northern-District-of-California-based, third parties. Most importantly, there are no relevant connections to this District.

### A. This Action Could Have Been Filed in N.D. Cal.

This case satisfies the threshold requirement under § 1404(a)—"whether a civil action 'might have been brought' in the destination venue." *See Volkswagen II*, 545 F.3d at 312. Northern California, and more specifically Menlo Park, is home to both Defendants' principal place of business. Wong Decl. ¶¶ 2–3. As a result, venue is proper in N.D. Cal.[7] *See Opperman v. Path, Inc.*, A-12-CA-219-SS, 2013 WL 7753577 at *3 (W.D. Tex. Jan. 15, 2013) (finding that because Apple is headquartered in the Northern District of California and conducts the heart of its business there, the threshold requirement for a transfer of venue under § 1404(a) was met and the

---

7 To the extent that Thales was properly included as an involuntary plaintiff here, it could have equally been included as a plaintiff in an action filed in N.D. Cal. such that its residence is immaterial to the propriety of venue. *See IpVenture, Inc. v. Prostar Computer, Inc.*, 503 F.3d 1324, 1325 (Fed. Cir. 2007) ("[A]ll entities with an independent right to enforce the patent are indispensable or necessary parties to an infringement suit. When such an entity declines to join in the suit it may be joined involuntarily … as a party plaintiff….").

matter could have been brought in the Northern District of California); *see also MasterObjects, Inc. v. Facebook, Inc.*, No. 6:20-CV-00087-ADA, Dkt. No. 86, at 13 (W.D. Tex. July 13, 2021) (Albright, J.) (transferring case to N.D. Cal. because requirements of § 1404(a) were satisfied).

### B. The Private-Interests Factors All Favor Transfer to N.D. Cal. Or Are Neutral

#### 1. The Relative Ease of Access to Sources of Proof Favors Transfer

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 13, 2019). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer," so "the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citing *Neil Bros. Ltd. v. World Wide Lines, Inc.,* 425 F.Supp.2d 325, 330 (E.D.N.Y.2006)); *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017) (relevant to this factor is "the location where the allegedly infringing products were researched, designed, developed and tested").

The majority of Meta's corporate documents related to this litigation— [redacted] Wong Decl. ¶¶ 16–17. This is no surprise because, as discussed above, [redacted] Wong Decl. ¶¶ 6–15. *See In re Google LLC*, 2021-170, 2021 WL 4427899 at *6 (Fed. Cir. Sept. 27, 2021) (finding that this factor favored transfer because "employees with [the] relevant knowledge of this litigation are located primarily in the San Francisco Bay Area … [therefore] the relevant documents" would be created and maintained there). Additionally, physical inventor notebooks that are critical to Plaintiffs' priority claims—a

central issue in this case for several of the Asserted Patents—are apparently in the custody of Mr. Foxlin, in N.D. Cal. *See* Deoras Decl. ¶¶ 26–27; Exs. X–Y.

The Complaint alleges that Meta has facilities and employees in Austin, implying without factual support that some relevant evidence might be located in this District. Compl. ¶¶ 12–14. But these employees and facilities are unrelated to the lawsuit,[8] so they do not create or maintain documents or evidence relevant to this matter or otherwise change the balance of this factor. *See Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 766-68 (E.D. Tex. 2009) (holding that, although defendant had employees and documents in Texas, because Illinois contained the ***relevant*** witnesses and documents, Illinois was the more convenient venue) (emphasis added); *see also In re Atlassian Corp. PLC*, 21-177, 2021 WL 5292268 at *3 (Fed. Cir. Nov 15, 2021) (favoring transfer where the "sole Texas employee on the engineering team … is 'not knowledgeable about the accused functionalities' … [and the] Austin employees do not have unique knowledge"); *In re Google*, 2021 WL 4427899 at *4–5 (favoring transfer where there was no explanation linking employees in Austin to the accused products).

Plaintiffs have not identified, and Meta is unaware of, any relevant evidence from the Plaintiffs that is located in this District or anywhere else in Texas. Thus, because the majority of the relevant evidence is maintained in or closer to N.D. Cal. and no relevant evidence is in this District, this factor concerning the ease of access to sources of proof strongly tilts in favor of transfer.

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses Favors Transfer

---

8 [redacted] Wong Decl. ¶ 7, 10.

This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *MasterObjects, Inc. v. Facebook, Inc.*, No. 6:20-CV-00087-ADA, Dkt. No. 86, at 7 (W.D. Tex. July 13, 2021) (Albright, J.) (citing *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014)). A showing of unwillingness is not required. *In re Hulu, LLC,* No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021).

Here, Meta has identified numerous relevant third-party witnesses that are within the subpoena power of N.D. Cal. but not of this Court, including Eric Foxlin (the named inventor of all of the Asserted Patents and the sole named inventor of four out of five of the Asserted Patents) and various authors of material prior art references. *See* Section II.D. By contrast, Meta is not aware of any third-party witnesses that reside within this District, and Plaintiffs have not identified any. The ability of the Northern District of California to compel these witnesses to testify—and the inability of this District to do so—confirms that this factor heavily favors transfer. Moreover, hearing this case in the Northern District of California would significantly reduce the personal, financial, and professional burdens for most if not all of the known third-party (and party) witnesses in this case.

### 3. The Cost of Attendance for Willing Witnesses Favors Transfer

The "convenience of … witnesses is probably the single most important factor in [the] transfer analysis." *In re Genentech, Inc.*, 566 F.3d at 1343 (citing *Neil Bros. Ltd.*, 425 F.Supp.2d at 329). If a substantial number of the witnesses reside in one venue, the factor will weigh in favor of the venue where the witnesses reside. *In re Genentech, Inc.*, 566 F.3d at 1343 (citing *Volkswagen II*, 545 F.3d at 317).

*See* Section II.C.[9] In addition, *See* Section II.C. By contrast, *See* Section II.C. It is therefore far more convenient and cost effective for these witnesses to attend trial at or closer to home in the Northern District of California. *See Volkswagen I*, 371 F.3d at 205 (noting that it is "more convenient for witnesses to testify" at home).

Conversely, Defendants have not identified any Gentex, Indigo, or Thales personnel in this District or anywhere else in Texas. None of the Plaintiffs appears to have any presence in this State. *See* Sections II.A–II.B. The Plaintiffs are headquartered in Pennsylvania, Illinois, and Maryland, so to the extent that their party witnesses testify at all, they will be required to travel regardless. Moreover, the Northern District of California is as convenient for Plaintiffs' personnel as this District because travel time is not significantly different from their headquarters to northern California or to Waco, Texas.[10] *See* Deoras Decl. at ¶¶ 19–23; Exs. Q–U; *In re Google LLC*, 2021

---

[9] As discussed above, but their location is immaterial to the transfer analysis. *See In re Juniper Networks*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) ("We have held that the fact that some evidence is stored in places other than either the transferor or the transferee forum does not weigh against transfer."); *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."); *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech. Ltd.*, No. 6:20-cv-00876-ADA, 2021 WL 5316454, at *4 (W.D. Tex. Nov. 5, 2021) ("[A]ccording to the Federal Circuit, this factor is not affected where a substantial amount of evidence resides in China….").  and for those employees, travel time to N.D. Cal. is shorter than travel time to Waco, Texas. *See* Deoras Decl. at ¶ 32; Ex. DD.

[10] The same is true for Leonard Naimark (named inventor of the asserted '024 patent and the only named inventor not in N.D. Cal.), who is a resident of Massachusetts, because travel time is

WL 4427899, at *4 (noting that the travel burden for travel from northeastern U.S. to northern California is not significantly different than travel time to Waco, Texas, as there is no major airport in Waco and the courthouse is more than 100 miles from the nearest major airport); *see also In re Quest Diagnostics Inc.*, Case No. 2021-193, Dkt. 10 at 5 (Fed. Cir. Nov. 10, 2021) ("[E]ven though the physical distance from Maryland and New Jersey to the Central District of California is greater than the distance to Waco, the record does not show that the total travel time for out-of-district witnesses would be significantly different.").

Given the abundance of witnesses in N.D. Cal. and the West Coast and the total lack of relevant witnesses in W.D. Tex., this factor overwhelmingly favors transfer. *See, e.g.*, *MasterObjects, Inc. v. Facebook, Inc.*, No. 6:20-CV-00087-ADA, Dkt. No. 86 at 9 (W.D. Tex. July 13, 2021) (Albright, J.) ("Facebook has identified a significant amount of witnesses in California while MasterObjects has failed to identify a single relevant witness in the WDTX, let alone Texas. Therefore, the Court believes this factor weighs in favor of transfer."); *In re Genentech, Inc.*, 566 F.3d at 1345 (where "a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas," this factor weighs substantially in favor of transfer.); *In re Nintendo Co., Ltd.*, 589 F.3d at 1199 (when some witnesses are located in the transferee forum and none are located in the transferor forum, this factor favor transfer even when other key witnesses may also be spread out across various other locations).

#### 4. Other Factors That Make Trial Easy, Expeditious, and Inexpensive Are Neutral

---

not significantly different from Massachusetts to northern California or Waco, Texas. *See* Deoras Decl. at ¶¶ 19–20; Exs. Q–R.

In analyzing this factor, the court will consider "all other practical problems that make [the] trial of a case easy, expeditious and inexpensive." *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. 6:13-CV-362, 2014 WL 10748106, at *6 (W.D. Tex. June 11, 2014) (citing *Volkswagen II,* 545 F.3d at 315). Meta is unaware of any practical problems or other issues relevant to the private convenience of the forum in which this matter is tried, beyond those discussed above. As a result, this factor is neutral.

### C. The Public-Interest Factors All Favor Transfer Or Are Neutral

#### 1. Court Congestion Is Neutral

Under this factor, the Court focuses on "the administrative difficulties flowing from court congestion." *Affinity Labs*, 2014 WL 10748106, at *3. N.D. Cal. has a median time to civil trial of 26.9 months, while W.D. Tex. averages a 23.8-month median time to trial. *See* Deoras Decl. at ¶¶ 34; Ex. FF. Given the similar congestion metrics for both Districts, this factor is neutral. *See In re Hulu*, 2021 WL 3278194, at *5 ("[C]onsidering the close similarity of cases per judgeship and average time to trial of the two forums, and disregarding the particular District court's ability to push an aggressive trial date, this factor is neutral.").

#### 2. Local Interests in Having This Case Decided at Home Favor Transfer

The Northern District of California has a strong local interest in hearing this case for several reasons. First, Defendants are headquartered in the Northern District of California. *See Texas v. Google LLC*, No. 4:20-CV-957-SDJ, 2021 WL 2043184, at *7, *9 (E.D. Tex. May 20, 2021) ("'There is little doubt' that a district 'has a local interest in the disposition of any case involving a resident corporate party.'"); *Affinity Labs*, 2014 WL 10748106, *3 (the District where a party has its principal place of business has a strong local interest.). [redacted] Wong Decl. ¶ 6-15; *see In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (favoring the transferee forum where "the accused

products were designed, developed, and tested in NDCA"). And third, [REDACTED]

[REDACTED]

[REDACTED] *Id.*; *see In re Apple*, 979 F.3d at 1345 (favoring the transferee forum because the lawsuit "calls into question the work and reputation of several individuals residing" in northern California (quoting *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)).

By contrast, none of the Plaintiffs appear to have any presence in this District (*see* Sections II.A-II.B), so the Plaintiffs provide no basis for a local interest in hearing this matter. *See Bascom v. Maxim Integrated Prods., Inc.*, 534 F. Supp. 2d 700, 705 (W.D. Tex. 2008); *In re Apple*, 979 F.3d at 1345. Meta's employees and operations in Texas are untethered to this lawsuit and therefore do not outweigh the strong local interest that N.D. Cal. has in this lawsuit. *See In re Apple*, 979 F.3d at 1345 (affirming that this factor should not give great weight to general contacts that are "untethered to the lawsuit").

3. **Familiarity of the Forum With the Law Is Neutral**

Both this District and N.D. Cal. are familiar with federal patent law, so this factor is neutral.

4. **Conflicts of Law or Foreign Law Is Neutral**

Meta is unaware of any conflict of law issues in this litigation, so this factor is neutral.

In sum, three of the four public-interest factors are neutral and one weighs in favor of transfer.

## V. CONCLUSION

The following table summarizes the analysis of the private and public interest factors above:

| Factor | Finding |
|---|---|
| Relative ease of access to sources of proof | Favors Transfer |
| Availability of compulsory process to secure the attendance of witnesses | Favors Transfer |
| Cost of attendance for willing witnesses | Favors Transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interests in having local interest decided at home | Favors Transfer |
| Familiarity of the forum with the law that will govern the case | Neutral |
| Avoidance of unnecessary problems of conflict of laws or the application of foreign law | Neutral |

As shown above, every factor either favors transfer or is neutral. There is no substantive connection between this case and this District, while there are strong connections between this case and N.D. Cal. Accordingly, Defendants respectfully submit that the Court should transfer this litigation to N.D. Cal. because it is clearly the more convenient forum.

Dated: February 18, 2022

Respectfully submitted,

*/s/ Ellisen Shelton Turner*

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
pamstutz@scottdoug.com

Jeannie Heffernan (*admitted*)
Bailey Morgan Watkins (TX Bar No. 24102244)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Tel: (512) 678-9100
Fax: (512) 678-9101
jeannie.heffernan@kirkland.com
bailey.watkins@kirkland.com

Ellisen Shelton Turner (*pro hac vice*)
Joshua Glucoft (*admitted*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900
ellisen.turner@kirkland.com
josh.glucoft@kirkland.com

Akshay S. Deoras (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400
Fax: (415) 439-1500
akshay.deoras@kirkland.com

*Counsel for Defendants Meta Platforms, Inc. and Facebook Technologies, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that, on February 18, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*<u>/s/ Ellisen Shelton Turner</u>*
Ellisen Shelton Turner