IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>THALES VISIONIX, INC.,<br><br>Involuntary Plaintiff,<br><br>v.<br><br>FACEBOOK, INC. and FACEBOOK TECHNOLOGIES, LLC,<br><br>Defendants. | Case No. 6:21-cv-00755-ADA<br><br>**JURY TRIAL DEMANDED** |

**AGREED FEDERAL RULES OF EVIDENCE 502(D) CLAWBACK ORDER**

**1.    PURPOSE**

Pursuant to Federal Rules of Evidence 502(d) the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Documents as to the receiving Party or any third parties in this or in any other state or federal proceeding regardless of the circumstances.[1] This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding

---

[1] For the avoidance of doubt, nothing in this Order prevents a receiving Party from arguing that there has been a subject matter waiver in the event that a producing Party produces documents, *e.g.*, opinions of counsel, as to which the producing Party does not provide a Clawback Notice.

1

Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

**2.    CLAWBACK AGREEMENT**

In the event that a producing Party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving Party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within a reasonable time.

As soon as practicable after providing the Clawback Notice, the producing Party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privileged or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court. Unless otherwise agreed to by the parties, the producing Party shall provide the privilege log information pertaining to any Protected Document that is the subject of a Clawback Notice within seven (7) business days of providing the Clawback Notice.

**3.    PROCEDURES FOLLOWING CLAWBACK NOTICE**

a)    Within seven (7) business days of receipt of a Clawback Notice (regardless of whether the receiving Party agrees with or plans to challenge the producing Party's claim of privilege or protection), the receiving Party must promptly return and/or destroy the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the

substance of the Protected Documents and certify to the producing Party when this return and/or destruction is complete.

b) If a receiving Party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving Party shall notify the producing Party of its challenge within 14 business days of receiving the Clawback Notice.

c) Within 14 business days of the producing Party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination.

**4.    PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED OR DISCLOSED PROTECTED DOCUMENTS**

In the event that a receiving Party discovers that it has received or examined Document(s) that are or may be subject to a claim of privilege or protection, the receiving Party promptly shall (i) sequester the Document(s), and (ii) within four business days of such discovery, notify the producing Party of the possible production or disclosure by identifying the bates range(s) of the Document(s) the receiving Party believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice"). If the producing Party determines that the subject Documents are privileged or protected, within four (4) business days of receiving a Production Notice the producing Party shall provide a Clawback Notice as described in Section 2 above, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable.

**5.    PROCEDURES DURING DEPOSITION AND HEARING**

a) If, during a deposition, a producing Party claims that a Document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination)

contains material that is privileged or protected, the producing Party may, in its sole discretion, do one or more of the following: (a) allow the Protected Document to be used during the deposition without waiver of any claim of privilege or protection; (b) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (c) object to the use of the Protected Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Document until the matter has been resolved by agreement or by the Court. In all events, once the Protected Document is no longer in use at the deposition, the receiving Party shall immediately sequester all copies of the Document. As to any testimony subject to a claim of privilege or protection, the producing Party shall serve a Clawback Notice within four business days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable. Pending determination of any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3. In the event the Court decides the clawback dispute in the receiving Party's favor and the receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

   b)  If a receiving Party uses discovery materials in a brief or at a hearing, and the producing Party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the producing Party must serve a Clawback Notice within four business days of receipt of the briefing or the hearing. Thereafter, the procedures set forth in Section 3 apply. To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, the receiving Party shall (a) withdraw the portion of the briefing and exhibits

that contain privileged or protected material, (b) request the court seal that material, or (c) join or not oppose a motion to seal the privileged or protected material.

**6.**     **PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party (a) is aware that it has obtained documents or information through production, disclosure, or communications that are or may be subject to a claim of privilege or protection, or (b) has received a Clawback Notice, such Protected Documents and/or information may not be submitted to the Court (other than *in camera* by the producing Party for purposes of resolving a privilege dispute), presented for admission into evidence, sought in discovery in this proceeding or in any other proceeding or action, or otherwise used or disclosed for any purpose, unless and until the Parties agree or the Court makes a determination that such documents and/or information are not entitled to protection. The party must also notify the opposing party of its possession of such privileged information in accordance with the procedures described in Section 4.

It is SO ORDERED this 15th day of April, 2022.

_____
Honorable Alan D Albright
United States District Judge