**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC, | Case No.: 6:21-cv-00755-ADA |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| THALES VISIONIX, INC., | |
| Involuntary Plaintiff, | |
| v. | |
| META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC, | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO META'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)**

Plaintiffs Gentex Corporation and Indigo Technologies, LLC ("Gentex") respectfully move pursuant to Local Rule CV-7(b) and (e)(1) for leave to submit the attached sur-reply (Ex. A) in Opposition to Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC's (collectively, "Defendants") Motion to Transfer to the Northern District of California, ECF No. 39.

Defendants' June 3, 2022 reply brief in support of their Motion to Transfer, ECF No. 66, attached new evidence that Plaintiffs have not been afforded an opportunity to address.   In particular, the brief attaches three new declarations from Defendants' employees: the Declaration of Andrew Melim (ECF No. 66-1), Declaration of Jonathan Wright (ECF No. 66-2), and a second Declaration of Nicholas Wong (ECF No. 66-3).  That testimony relates to information available to Defendants at the time they filed the Motion to Transfer, and Defendants' reply brief raises new arguments based on this evidence.  Because Gentex did not have an opportunity to address this new evidence and argument, to the extent the Court does not strike these new declarations and the arguments based on them, Gentex respectfully request that the Court consider the attached sur-reply brief.

"[I]t is within the sound discretion of the courts to grant or deny leave to file such additional briefing." *Misson Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020).  In deciding whether to grant such a motion, the Court "should also weigh the interests of justice." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 338 (5th Cir. 2017).  And where, as here, a reply brief raises new evidence, the Court must "give[] 'the non-movant an adequate opportunity to respond prior to a ruling.'" *See RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr.*, 836 F. App'x 232, 235 (5th Cir. 2020) (quoting *Thompson v. Dall. City Attorney's Office*, 913 F.3d 464, 471 (5th Cir. 2019)); *see also, e.g.*, *Mission Toxicology, LLC*, 499 F. Supp. 3d at 360

(permitting surreply to address "a supplemental appendix" submitted with a reply brief); *Johnson v. Sw. Rsch. Inst.*, 384 F. Supp. 3d 722, 730 (W.D. Tex. 2019) (permitting sur-reply where movant's reply "presented new evidence in support of her request").

Plaintiffs should have an opportunity to respond to the new evidence that Defendants submitted, and to address the new arguments that Defendants have made in reliance on this evidence. Plaintiffs therefore respectfully request leave to file the attached sur-reply, which only addresses points raised by Defendants' new declarations. Plaintiffs understand Defendants oppose this motion.

Dated: June 8, 2022                              Respectfully submitted,


                                                 */s/ G. Blake Thompson*
                                                 G. Blake Thompson
                                                 State Bar 24042033
                                                 blake@themannfirm.com
                                                 J. Mark Mann
                                                 State Bar No. 12926150
                                                 mark@themannfirm.com
                                                 MANN | TINDEL | THOMPSON
                                                 201 E. Howard St.
                                                 Henderson, Texas 75654
                                                 Tel: 903-657-8540
                                                 Fax: 903-657-6003

David I. Berl (*pro hac vice*)
Adam D. Harber (*pro hac vice*)
Elise M. Baumgarten (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)
D. Shayon Ghosh (*pro hac vice*)
Arthur John Argall III (*pro hac vice*)
Andrew G. Borrasso (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C. 20024
Tel: 202-434-5000
Fax: 202-434-5029
dberl@wc.com
aharber@wc.com
ebaumgarten@wc.com
mcollins@wc.com
sghosh@wc.com
aargall@wc.com
aborrasso@wc.com

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiffs met and conferred with counsel for Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC on June 8, 2022. Defendants oppose the filing of this motion.

*/s/ G. Blake Thompson*
**G. Blake Thompson**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 8, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ G. Blake Thompson*
**G. Blake Thompson**